UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN MCCARTNEY,<br>　　　　　Petitioner,<br>　　v.<br>MACOMBER, Warden,<br>　　　　　Respondent. | Case No. 16-02045 EJD (PR)<br><br>**ORDER TO SHOW CAUSE; SETTING BRIEFING ON SECOND AMENDED PETITION** |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction. On May 10, 2018, the Court granted Petitioner's request to stay the petition in order to present unexhausted claims to the state high court. Dkt. No. 29. The case was administratively closed pending exhaustion of state court remedies. Id. Petitioner returned to this Court on August 5, 2020, after the California Supreme Court denied his state petition. Dkt. No. 31. The Court lifted the stay and reopened the matter, while directing Petitioner to file a second amended petition containing all the exhausted claims he wished to pursue. Dkt. No. 32. Petitioner has filed a second amended petition. Dkt. No. 33.

///

///

**BACKGROUND**

According to the second amended petition, Petitioner was found guilty of "rape, oral copulation, kidnapping, [and] use of force for the purpose of rape" by a jury in San Francisco County Superior Court. Dkt. No. 33 at 2. Petitioner was sentenced to 118 years to life. Id. at 1.

Petitioner appealed his conviction without success. Id. at 3. Petitioner filed a state habeas petition in the state supreme court which summarily denied on April 1, 2020. Dkt. No. 31 at 3.

Petitioner filed the instant federal habeas action on April 19, 2016. Dkt. No. 1. The matter was twice stayed, Dkt. Nos. 10, 29, and last reopened on August 19, 2020. Dkt. No. 32.

**DISCUSSION**

**A.  Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

**B.  Legal Claims**

Petitioner raises the following grounds for federal habeas relief: (1) ineffective assistance of counsel; (2) judicial misconduct; and (3) the evidence of identification was insufficient, i.e., DNA and witness testimony. Dkt. No. 33 at 5. Liberally construed, these claims are cognizable under § 2254 and merit an answer from Respondent. Briefing shall proceed in accordance with the schedule set forth below.

///

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

2. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

3. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

4. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

///

///

**IT IS SO ORDERED**.

Dated: 1/12/2021

EDWARD J. DAVILA
United States District Judge

Order to Show Cause; Setting Briefing on SAP
P:\PRO-SE\EJD\HC.16\02045McCartney_osc-SAP